UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
ANA M. NARVAEZ,                     )
    Petitioner                      )
                                    )
                                    )
v.                                  )   CRIMINAL NO. 86-00309-02-REK
                                    )
                                    )
UNITED STATES OF AMERICA,           )
    Respondent                      )
                                    )
_____ )

**Memorandum and Order**
December 22, 2005

### I.  Pending Matters

Pending for decision are matters related to the following filing:

(1) Petitioner's Ex-Parte Order and Supporting Affidavit (filed October 24, 2005).

### II.  Factual Background and Procedural History

On September 8, 1996, the petitioner was brought before the United States District Court for the District of Massachusetts under charges of possession with intent to distribute more than a kilogram of cocaine (21 U.S.C. § 841(a)(1) (2002)) and conspiracy (21 U.S.C. § 846 (1988)).  In 1987, the petitioner was sentenced to three years of imprisonment, the first sixty days to be served with the balance suspended, and, after, she was placed on probation for three years.  Afterwards, the petitioner completed her sentence and relocated to New York.  The petitioner states that she currently resides in the Bronx, New York, and is employed by Wells

Fargo Home Mortgage Corporation, also located in the Bronx, New York. The petitioner further claims that since her arrest and subsequent conviction in Massachusetts, she has not violated any other civil statutes. On October 24, 2005, the petitioner filed this Ex-Parte Order and Supporting Affidavit, requesting that this court grant her a "Certificate of Relief from civil disabilit[ies]" ("Certificate of Relief") and seal her records. The petitioner also requests "such other relief which this court deems just and proper." (Petitioner's Ex-Parte Order and Supporting Affidavit.)

### III.  Analysis

**A.    Docket Numbers Pertaining to Petitioner's Certificate of Relief**

As a preliminary matter, the petitioner requests a Certificate of Relief regarding Docket Nos. 87-00319-02, 86-81-J-02 (Order on Release), and 86-309-K-02 (Second Amended Order on Release). I will assume that the petitioner intended to include Docket No. "87-00309-02" (Conditions of Probation) instead of "87-00319-02" since no paper relating to Docket No. 87-00319-02 is among the documents that the petitioner submitted with her proposed order and supporting affidavit. Still, the petitioner's original case is associated with Docket No. 86-309-K, which later became Docket No. 86-00309-02. The petitioner therefore can properly request a Certificate of Relief only for Docket No. 86-00309-02, and this court can properly consider whether to grant a Certificate of Relief only for Docket No. 86-00309-02, not the individual docket numbers that the petitioner requested.

**B.    The Merits of Petitioner's Certificate of Relief**

The petitioner essentially requests that the court issue a Certificate of Relief for

Docket No. 86-00309-02, and also seal the documents associated with that docket number. I find that this court does not have jurisdiction to issue such a certificate. The Order below therefore dismisses the petitioner's request as beyond the authority of this court to grant.

Under New York law, a Certificate of Relief acts to "relieve an eligible offender of any forfeiture or disability, or to remove any bar to h[er] employment, automatically imposed by law by reason of h[er] conviction of the crime or of the offense...except as to the right of such person to retain or to be eligible for public office." N.Y. Correct. Law § 701(1)(2003). An "eligible offender" is a person "who has been convicted of a crime or of an offense but who has not been convicted more than once of a felony." N.Y. Correct. Law § 700(1)(a). The Certificate of Relief is issued by only two bodies in New York: (i) the state court of New York and (ii) the New York Board of Parole ("Parole Board"). N.Y. Correct. Law § 702 and § 703.

Under applicable law, "[a]ny court of [New York] may, in its discretion, issue a certificate of relief...for a **conviction that occurred in such court**, if the court either (a) imposed a revocable sentence or (b) imposed a sentence other than one executed by commitment to an institution under the jurisdiction of the state department of correctional services." N.Y. Correct. Law § 702(1) (emphasis added). A "revocable sentence" means a "suspended sentence...or a sentence of probation or of conditional discharge." N.Y. Correct. Law § 700(1)(c). The court can issue a Certificate of Relief "at the time sentence is pronounced" or "at any time thereafter." N.Y. Correct. Law § 702(1).

Unlike the state court, the Parole Board has the power to issue a Certificate of Relief to any eligible offender (i) who has been committed to an institution under the jurisdiction of the state department of correctional services or (ii) who **resides within [New York] state and**

**whose judgment of conviction** was rendered by a court in **any other jurisdiction**." N.Y. Correct. Law § 703(1) (emphasis added). In these two situations, only the Parole Board is granted the power to issue Certificates of Relief. Application of Helmsley, 575 N.Y.S. 2d 1009, 1012 (1991).

With respect to the federal and state courts' overlapping authority, federal courts "are not authorized to issue a certificate of relief, [and thus] one m[ust] apply to the [New York] state Supreme Court [or the Parole Board] to obtain a certificate of relief from a federal conviction. Id. Indeed, the Certificate of Relief has been termed "a creature of New York State Law," indicating that the scope of the certificate is within the realm of the state law of New York and not any other state or federal law. See Bonacorsa v. Van Lindt, 505 N.Y.S. 2d. 519, 520 (N.Y. Sup. 1986), rev'd in part on other grounds, 514 N.Y.S. 2d 370 (N.Y.A.D. 1 Dept. 1987) (noting that Certificate of Relief was creature of New York state law and codified in New York statute). In fact, the only relief from civil disabilities arising from a conviction that now exists in the federal system is a presidential pardon. United States v. Da Grossa, 446 F.2d 902, 903 (2nd Cir. 1971); see United States v. Fierman, No. 99 CR.1086(AKH), 2002 WL 31640575, at *1 (S.D.N.Y. Nov. 20, 2002) (reinforcing Da Grossa and refusing to issue Certificate of Relief because federal court found that it had no jurisdiction to issue certificate).

In this case, the petitioner's multiple-count conviction, rendered by a federal district court in the District of Massachusetts, constitutes a single felony, and the petitioner swears, under oath in her affidavit, that she has no other convictions. The petitioner is thus an "eligible offender" under Section 700 who resides in New York with a judgment of conviction rendered by a court in a jurisdiction other than New York. Therefore, the petitioner is clearly

within the ambit of Section 703, which grants the power to issue Certificates of Relief to the Parole Board.  Consequently, the petitioner should have submitted her proposed order and affidavit to the Parole Board instead of this court.

Moreover, even if it is determined that a court, rather than the Parole Board, is the appropriate body to issue the petitioner's Certificate of Relief, the petitioner should not have requested a Certificate of Relief from this court, a federal district court sitting in Massachusetts, and should have stayed in the state court of New York.  As already explained above, a federal court, particularly a federal court sitting in Massachusetts, cannot issue a Certificate of Relief in the circumstances of this case.  See Da Grossa, 446 F.2d at 903 (stating that it "d[id] not believe that when the New York legislature, in § 702 of the New York Correction Law, referred to 'any court of this state,' it was thinking of a federal court administering federal criminal law").  In fact, Massachusetts law does not recognize Certificates of Relief at all.  A simple "Google" search, if nothing else, would have alerted the petitioner's counsel to this fact.

Because I do not have jurisdiction to issue a Certificate of Relief for the petitioner as she requests, I will thus dismiss her proposed order and affidavit.

### FINAL ORDER

For the foregoing reasons, it is ORDERED:

(1) Petitioner's Ex-Parte Order and Supporting Affidavit is DISMISSED.

(2) This case is CLOSED.

_____/s/Robert E. Keeton_____
Robert E. Keeton
Senior United States District Judge